J. Bryan Quesenberry (OSB 230218)
903 East 430 South
Salem, UT 84653
801-473-9951
jbq.esq@gmail.com
*Plaintiff/Relator*

FILED

2023 APR -7 AM 11: 24

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. J. BRYAN QUESENBERRY,<br><br>Plaintiff,<br><br>vs.<br><br>COCOA BEACH BEVERAGES LLC d/b/a DANCERS ROYALE and DANCERS ROYALE COCOA BEACH; FLORIDA BEVERAGE CORPORATION d/b/a RACHEL'S and RACHEL'S NORTH; FOX HOLE, INC. d/b/a DANCERS ROYALE; GULF COAST HOLDINGS L.L.C. d/b/a OZ and OZ GENTLEMEN'S CLUB; JBM MANAGEMENT OF TAMPA, INC. d/b/a THEE DOLLHOUSE; OC FLASH DANCERS, LLC d/b/a FLASH DANCERS ORLANDO; TAMPA FOOD AND HOSPITALITY, INC. d/b/a SCORES, SCORES TAMPA, and SCORES GENTLEMEN'S CLUB & PRIME STEAKHOUSE; WACKOS TOO, INC. d/b/a WACKOS, and 5526 S.O.B.T. LLC d/b/a LE PALACE,<br><br>Defendants. | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**<br><br>**(Filed in camera and under seal)**<br>**(DO NOT PLACE ON PACER)**<br><br>JURY TRIAL DEMANDED<br><br>Civil Action No. 6:23-cv-543-PGB-DCI |

Plaintiff-Relator J. Bryan Quesenberry, a licensed attorney acting *pro se* on behalf of the

United States of America (the **"Government"** or the **"Federal Government"**) and against

Defendants, alleges based upon personal knowledge, relevant documents, information, and belief, as follows.

## INTRODUCTION AND HISTORY OF THE FALSE CLAIMS ACT

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements, and claims made and caused to be made by Defendants and/or their agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* (**"FCA"**).

2. This action seeks to recover hundreds of thousands of federal dollars wrongfully loaned to the Defendants through the Federal Government's Payroll Protection Program (**"PPP"**). The PPP provides a pathway to borrowers to receive forgiveness of these loans.

3. Pursuant to the PPP, the Federal Government spent hundreds of billions of dollars in stimulus funding, as well as other federal funding, to support and aid legitimate businesses through the coronavirus pandemic.

4. This action alleges that Defendants applied for PPP funds and received PPP funds despite the PPP rules and court case law prohibiting applicants from receiving PPP funds if they were sexually-oriented businesses. This prohibition is further described below.

5. The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Federal Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Federal Government without fear of reprisals or inaction, and enable the use of private legal resources to prosecute fraud claims on the Federal Government's behalf.

6. The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A), (B). Anyone who violates the FCA is liable for a civil penalty for each such claim, **plus three times the amount of the damages** sustained by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

7. In 2009, Congress amended the FCA to clarify that a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest…" 31 U.S.C. § 3729(b)(2).

8. The FCA allows any person having information about an FCA violation to bring an action for himself and the Federal Government, and to share in any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on Defendants during that time) to allow the Federal Government time to conduct its own investigation and to determine whether to join the suit.

9. Based on the foregoing laws, *qui tam* Plaintiff/Relator seeks through this action to recover all available damages, civil penalties, and other relief for the violations alleged herein in every jurisdiction to which Defendants' misconduct has extended.

## PARTIES

10. Plaintiff/Relator J. Bryan Quesenberry (**"Relator"**) is a resident of Utah. He is an attorney licensed to practice law in Utah and brings this action on behalf of the United States of America, the real party in interest.

11. Defendant Cocoa Beach Beverages, LLC, which does business as "Dancers Royale" and "Dancers Royale Cocoa Beach" (**"Cocoa Beach Beverages -- Dancers Royale"**), is a Florida entity located at 74 N. Orlando Ave., Cocoa Beach, FL 32931-2911 and was formed on November 14, 2016, with a principal place of business in Cocoa Beach, Florida.

12. Cocoa Beach Beverages -- Dancers Royale applied and was approved for a PPP loan on June 12, 2020 (loan number 3095427901), received said PPP loan, and had said PPP loan forgiven on July 27, 2021 in the amount of $175,968.10.

13. Upon information and belief, Cocoa Beach Beverages -- Dancers Royale is a topless strip club located at 74 N. Orlando Ave., Cocoa Beach, FL 32931. *See*, e.g., https://app.tuscl.net/listing/3020 and the website www.dancers-royale.com, which states that "Dancers Royale is the trendiest strip club in Cocoa Beach, FL featuring the hottest strippers in the Orlando area."

14. Defendant Florida Beverage Corporation, which does business as "Rachel's North" and "Rachel's" (**"Rachel's"**), is a Florida entity located at 401 Semoran Blvd., Casselberry, FL 32707 and was formed October 16, 2007 with a principal place of business in Casselberry, Florida.

15. Rachel's applied and was approved for a PPP loan on June 3, 2020 (loan number 7190897800), received said PPP loan, and had said PPP loan forgiven on September 16, 2021 in the amount of $262,460.64.

16. Upon information and belief, Rachel's is an adult entertainment venue. *See*, e.g., https://app.tuscl.net/listing/3564 and the website www.rachelscasselberry.com, which states, "Gentlemen looking for the best strip clubs in Florida always think of Rachel's."

17. Rachel's has been sued in federal court four times, including *Summer Haywood v. Florida Beverage Corporation, D/B/A Rachel's*, 6:2022cv00584, filed on 3/22/2022 in the Middle District of Florida. In this case, the plaintiff is a former bartender at Rachel's describes it as "an adult entertainment venue in Casselberry…"

18. Defendant Fox Hole, Inc.,[1] which also does business as "Dancers Royale" (**"Fox Hole – Dancers Royale"**), is a Florida entity located at 5521 E. Colonial Drive, Orlando, FL 32807 and was formed June 21, 1979 with a principal place of business in Orlando, Florida.

19. Fox Hole – Dancers Royale applied and was approved for a PPP loan on June 3, 2020 (loan number 7190257807), received said PPP loan, and had said PPP loan forgiven on November 17, 2021 in the amount of $169,953.01.

20. Upon information and belief, Fox Hole – Dancers Royale is an adult entertainment venue. *See*, e.g., https://app.tuscl.net/listing/2760 and the website www.dancers-royale.com, which states that "Dancers Royale is the trendiest strip club in Cocoa Beach, FL featuring the hottest strippers in the Orlando area."

21. The top principal of these first three defendants – Cocoa Beach Beverages - Dancers Royale, Rachel's, and Fox Hole - Dancers Royale – is the same individual, Eugene W. Dupont IV. Two of these defendants (Cocoa Beach Beverages - Dancers Royale and Fox Hole – Dancers Royale) use a similar dba, and share the same mailing address (5521 East Colonial Drive, Orlando). It is possible these two strip clubs in particular are one and the same, thereby

---

[1] This borrower lists its name on its PPP loan application as "Foxhole, Inc."

also creating double-dipper liability for the same business obtaining two PPP loans in the year 2020, which is against PPP loan rules.[2]

22. Upon information and belief, Fox Hole – Dancers Royale was sued in Orange County numerous times. The most recent case is *Karen Huang v. Fox Hole Inc. d/b/a Dancers Royale, et al.*, 2021-CA-011396-0, filed on 12/2/2021. In this case, the plaintiff claims she worked for the defendant as an "adult entertainer" whose job was to "dance and entertain customers" according to the complaint in that case.

23. Defendant Gulf Coast Holdings L.L.C., which does business as "Oz" or "Oz Gentlemen's Club" (**"Oz Gentlemen's Club"**), is a Florida entity located at 18514 US Highway 19 North, Suite E, Clearwater, FL 33764 and was formed March 15, 2001 with a principal place of business in Clearwater, Florida.

24. Oz Gentlemen's Club applied and was approved for a PPP loan on April 15, 2020 (loan number 8433697102), received said PPP loan, and had said PPP loan forgiven on May 13, 2021 in the amount of $156,618.89.

25. Upon information and belief, Oz Gentlemen's Club is a topless strip club. *See*, e.g., https://app.tuscl.net/listing/539 and the website www.ozgentlemensclub.com, which includes photos and videos of dancers.

26. Oz Gentlemen's Club was recently sued in federal court: *Destinee Dale, et al. v. Gulf Coast Holdings, LLC dba Oz's Gentlemen's Club et al.*, 8:2021cv02246, filed on 09/22/2021 in the Middle District of Florida. In the complaint in this case, the plaintiffs are

---

[2] See certifications section on PPP loan application, page 2, which prohibit double loans in 2020: "During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program."

described as "current and former exotic dancers who worked at Defendants' club Oz's location at 13577 US Hwy 19 N, Clearwater, Florida 33764..."

27. Defendant JBM Management of Tampa, Inc., which does business as "Thee Dollhouse" (**"Thee Dollhouse"**), is located at 1010 N. West Shore Blvd. Tampa, FL 33607-4708. Upon information and belief, Thee Dollhouse is an adult entertainment business. *See*, e.g., https://app.tuscl.net/listing/3469 and the website www.theedollhousefl.com, which notes that it was judged the best topless club in 2013, 2015, and 2016 by NM publications.

28. Thee Dollhouse is a Florida entity formed January 3, 1990 with a principal place of business in Tampa, Florida.

29. Thee Dollhouse applied and was approved for a PPP loan on April 13, 2020 (loan number 4257297102), received said PPP loan, and had said PPP loan forgiven on January 14, 2021 in the amount of $358,741.08.

30. The Thee Dollhouse was sued in the Middle District of Florida in *Roxanne Carnegie v. JBM Management of Tampa Bay, Inc., d/b/a Thee Dollhouse*, 8:1999cv00433, which was filed on 02/26/1999. In the complaint in this case, it states that "JBM manages Thee Dollhouse, an adult entertainment club which offers and employs exotic dancers..."

31. Defendant OC Flash Dancers, LLC, which does business as "Flash Dancers" and "Flash Dancers Orlando" (**"Flash Dancers Orlando"**), is located at 2201 S. Orange Blossom Trail, Orlando, FL 32805. Upon information and belief, Flash Dancers Orlando is a topless strip club. *See*, e.g., https://app.tuscl.net/listing/3365

32. Flash Dancers Orlando is a Florida entity formed December 5, 2013 with a principal place of business in Orlando, Florida.

33. Flash Dancers Orlando applied and was approved for a PPP loan on May 25, 2020 (loan number 2934817810) in the amount of $201,450. It is unclear whether this loan was forgiven.

34. Flash Dancers Orlando was sued in *Quintavia Parrish, a/k/a Juicy v. OC Flash Dancers LLC, et al.*, 6:2020cv00567, which was filed on 4/01/2020 in the Middle District of Florida. The complaint in this case states that defendants "own and operate a strip club named FLASH DANCERS," which was filed on behalf of "all current and former exotic dancers who worked at FLASH DANCERS at any time starting three (3) years before this complaint was filed, up to the present."

35. Defendant Tampa Food and Hospitality Inc., which does business as "Scores Gentlemen's Club & Prime Steakhouse," "Scores," and "Scores Tampa" (**"Scores Tampa"**), is located at 2310 N. Dale Mabry Hwy, Tampa, FL 33607. Upon information and belief, Scores Tampa is an adult entertainment business. *See*, e.g., https://app.tuscl.net/listing/833 and www.scorestampa.com, which contains a link to an age-restricted YouTube video of dancers. A caption for this link states, "Scores Gentlemen's Club & Prime Steakhouse is proud to offer the most beautiful topless dancers in Tampa Bay for you to enjoy in a relaxed yet sophisticated environment."

36. Scores Tampa is a Florida entity formed December 17, 2015 with a principal place of business in Tampa, Florida.

37. Scores Tampa applied and was approved for a PPP loan on April 15, 2020 (loan number 9264657104), received said PPP loan, and had said PPP loan forgiven on June 24, 2021 in the amount of $195,697.44.

38. Scores Tampa was sued in two federal court cases in the Middle District of Florida: *Kianna Evering v. Tampa Food and Hospitality, Inc., et al.*, 8:2016cv01192, filed on

05/12/2016, and *Jason Lange v. Tampa Food and Hospitality, Inc., et al.*, 8:2019cv00034, filed on 01/07/2019. The complaint in *Evering* refers to Scores Gentlemen's Club & Prime Steakhouse as "an adult entertainment club."

39. Defendant Wackos Too, Inc., which does business as "Wacko's" (**"Wacko's"**), is located at 3701 Emerson St., Jacksonville, FL 32207. Upon information and belief, Wackos is an adult entertainment business. *See*, e.g., https://app.tuscl.net/listing/3390 and www.wackosjacksonville.com, which includes a link to its Facebook page, www.facebook.com/wackos.gentlemensclub. Some of the reviews on this Facebook page refer to Wacko's as a strip club.

40. Wackos is a Florida entity formed January 5, 1989 with a principal place of business in Jacksonville, Florida.

41. Wackos applied and was approved for a PPP loan on June 25, 2020 (loan number 3943498007), received said PPP loan, and had said PPP loan forgiven on March 10, 2022 in the amount of $191,706.22.

42. Wacko's was sued in the Middle District of Florida in *Wacko's Too, Inc. et al. v. City of Jacksonville*, 3:04-cv-01307-TJC-MCR, filed 12/21/2004. According to the complaint in this case, "Plaintiffs own and operate 'gentlemen's clubs' or cabarets which feature live exotic dance performances within the City limits of Jacksonville, Florida."

43. Defendant 5526 S.O.B.T. LLC ("5526 S.O.B.T."), upon information and belief, does business as "Le Palace Gentlemens Club" (**"Le Palace"**). Le Palace is a Florida entity formed on April 3, 2017 and located at 5526 S. Orange Blossom Trail, Orlando, FL 32839. Le Palace is a topless strip club. *See*, https://app.tuscl.net/listing/4383 and the website www.lepalace.com showing photos and videos of scantily-clad entertainers.

44. Florida Secretary of State database searches of this address showed Le Palace as the only entity at 5526 S. Orange Blossom Trail, Orlando, FL 32839. A Google Street View image also indicates that Le Palace is the only business at this address.

45. In recent years, numerous local news outlets, including the *Orlando Sentinel* newspaper and WKMG-TV, have routinely referred to Le Palace as a "strip club."

46. Le Palace applied and was approved for its <u>first</u> PPP loan on May 1, 2020 (loan number 8374927305), received said PPP loan, and had said loan forgiven on February 19, 2021 in the amount of $188,034.96.

47. Le Palace applied and was approved for its <u>second</u> PPP loan on March 12, 2021 (loan number 9499398502), received said PPP loan, and had said loan forgiven on September 21, 2021 in the amount of $261,165.96.

## JURISDICTION AND VENUE

48. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no longer jurisdictional after the 2009 amendments to the FCA, to Relator's knowledge there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02.

49. Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Relator researched and discovered the pertinent entity information and individual information of each Defendant.

50. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because Defendants' principal places of business are located in the Middle District of Florida as alleged above.

51. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendants' principal place of business is in the Middle District of Florida, and because violations of 31 U.S.C. §§ 3729 *et seq.* alleged herein occurred within this district.

## THE PAYCHECK PROTECTION PROGRAM

52. Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act (**"CARES Act"**). Section 1102 contains a new program called the Paycheck Protection Program (**"PPP"**) and is party of the U.S. Small Business Administration's (**"SBA"**) 7(a) Loan Program. These two sections are intended to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration issued by President Trump on March 13, 2020.

53. Due to the COVID-19 emergency, many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, and local public health measures that are being taken to minimize the public's exposure to the coronavirus.

54. The SBA received funding and authority through the CARES Act to modify existing loan programs and establish the new PPP loan program to assist small businesses nationwide adversely impacted by the coronavirus pandemic.

55. Section 1102 of the Act temporarily permits SBA to guarantee 100% of 7(a) loans under the PPP. Section 1106 of the CARES Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

56.     The CARES Act was intended to provide relief to America's small businesses expeditiously.

57.     The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness. Lenders are held harmless for borrowers' failures to comply with PPP rules.

58.     Defendants submitted documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

59.     In general, Defendants calculated an amount to borrow by aggregating payroll costs from the previous 12 months for employees whose principal place of residence is the United States. Annual employee salaries are capped at $100,000. Defendants then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

60.     On the PPP application, a representative of Defendant had to certify in good faith to a number of representations to the Federal Government. The second bullet point under the CERTIFICATIONS AND AUTHORIZATIONS section on the PPP loan application states:

> ***The Applicant is eligible to receive a loan*** under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule). [Emphasis added].

61.     Another certification on the application states, "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

62.     Each Defendant also "further certify[ies] that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

63. Finally, each Defendant certifies that it "understand[s] that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

64. Plaintiff researched Florida entities in the sexually-oriented business industry that applied for and received PPP loans. Plaintiff discovered each Defendant is such an entity.

65. Federal statute, however, prohibits certain businesses from receiving SBA loans. *See*, 15 U.S.C. § 636(a)(37)(A)(iv)(III)(aa), which references 13 CFR § 120.110.

66. Further, 13 CFR § 120.110, titled *What businesses are ineligible for SBA business loans?* exclude the following businesses:

> (p) Businesses which:
> (1) ***Present live performances of a prurient sexual nature***; or
> (2) ***Derive directly or indirectly more than de minimis gross revenue through the sale of*** products or ***services, or the presentation of any depictions or displays, of a prurient sexual nature***

(Emphasis added).

67. "Prurient" is defined as "having, inclined to have, or characterized by lascivious or lustful thoughts, desires, etc."

68. Upon information and belief, businesses like Defendants' present live performances of a prurient sexual nature or derive more than de minimis gross revenue through the sale of services or the presentation of depictions or displays of a prurient sexual nature.

69. Defendants were thus not eligible for a PPP loan, yet they falsely and fraudulently represented on their PPP loan applications that they were eligible.

70. Defendants thus made material misrepresentations on their applications for PPP funds, knowing lenders and the Federal Government would rely on said representations in paying PPP funds to Defendants who were otherwise not eligible for PPP funds.

71. The Second Circuit in *Pharaohs GC, Inc. v. United States Small Business Administration*, 990 F.3d 217 (2nd Cir. 2021) and the Seventh Circuit in *Camelot Banquet Rooms, Inc. v. United States Small Business...*, 14 F.4th 624 (7th Cir. 2021) have held that the SBA can prohibit strip clubs, like Defendants, from receiving PPP loans.

72. Relator reserves the right to amend this Complaint and expand these allegations upon review of the actual applications and supporting documentation submitted by Defendants.

## False Claims Act
## 31 U.S.C. § 3729(a)(1)(A)-(B)

73. Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

74. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended.

75. By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the United States Government, or authorized agent of the United States Government, for payment or approval.

76. By virtue of the acts described above, Defendants knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

77. Relator cannot at this time identify all of the false claims for payment that were caused by Defendants' conduct. The false claims were presented to third party lending

institutions. Relator does not have access to the records of all such false or fraudulent statements or claims.

78. Lenders, acting on behalf of the Federal Government, were guaranteed 100% of the PPP loans from the Federal Government. Said lenders were unaware of the falsity of the records, statements, and claims made or caused to be made by Defendants. Said lenders paid the claims that would not be paid but for Defendants' illegal conduct.

79. By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

80. Additionally, the United States is entitled to a maximum penalty for each and every violation arising from Defendants' unlawful conduct alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against each Defendant as follows:

1. That this Court enter judgment against each Defendant in an amount equal to three times the damages the United Sates has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

2. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

3. That Relator be awarded all costs of this action, including attorney's fees and expenses; and

4. That Relator recover such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: 3/27/2023.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　J. Bryan Quesenberry
　　　　　　　　　　　　　　　　Plaintiff/Relator